UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Sidney S. Glynn and
Sharon Glynn,

     Plaintiffs,

vs.                            Case No.:

Accounts Receivable Management, Inc.
a New Jersey corporation, Jane Doe
and John Doe,

     Defendants,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.
### INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the State of Florida Consumer Collection Practices Act, § 559.72, Florida Statutes 2007(hereinafter, "State Act") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.
### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.  Venue in this District is proper in that the Defendants transacts business here and the conduct complained of occurred here.

### III.
### PARTIES

3.  Plaintiffs, Sidney S. Glynn and Sharon Glynn, are natural persons residing in Lakeland, Polk County, Florida.

4.    The Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

5.    Defendant, Accounts Receivable Management, Inc., (hereinafter referred to as "Defendant ARM") is a registered corporation within the State of New Jersey engaged in the business of collecting debts with its principal place of business located at 155 MidAtlantic Parkway, Thorofare, New Jersey 08086, and is a "debt collector" as defined by the 15 U.S.C. § 1692a(6).

6.    Defendants, Jane Doe and John Doe (hereinafter "Defendant John Doe and Defendant Jane Doe") are natural persons employed by Defendant ARM as collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

IV.
FACTUAL ALLEGATIONS

7.    Sometime before April 2007, the Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account (hereafter the "Account").

8.    Due to circumstances beyond the Plaintiffs control the Account was not paid by the Plaintiffs and it went into default with the creditor.

9.    Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant ARM for collection, when thereafter Plaintiffs started receiving collection telephone calls at their home from the Defendants in an attempt to collect this debt.

10.   From April 2007 to June 2008, the Plaintiffs received phone calls from Defendant Jane Doe and Defendant John Doe, as representatives, employees and/or agents, of the Defendant ARM who were attempting to collect the Account. The Plaintiffs called the Defendant ARM in response to the phone calls. These phone calls each individually constitute a "communication" as defined by 15 U.S.C. §1692a(2).

11.   On April 22, 2008, a representative, employee and/or agent, of the Defendant ARM, attempting to collect the Account,

called the Plaintiffs. The Plaintiffs informed the representatives, employee and/or agent, that they had entered into an agreement with the creditor to pay $50.00 twice a month towards the balance owed on the Account. The representative, employee and/or agent of the Defendant ARM stated that she would make note of the Plaintiffs arrangement with the creditor.

12. Despite having told Defendants repeatedly of their arrangements with the creditor, Defendants and their representatives, employees and/or agents continued to hound Plaintiffs repeatedly with a deluge of more than 35 collection calls to their home between May 3, 2008 and June 18, 2008.

V.
FIRST CLAIM FOR RELIEF

13. Plaintiffs repeat and reallege and incorporate by reference paragraphs one through twelve above.

14. The Defendants violated 15 U.S.C. § 1692d (5) by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for declaratory judgment that Defendants conduct violated the FDCPA, and Plaintiffs actual damages, statutory damages, and costs and attorney's fees.

VI.
SECOND CLAIM FOR RELIEF

16. Plaintiffs repeat and reallege and incorporate by reference the foregoing paragraphs.

17. Defendants violated the State of Florida Consumer Collection Practices Act § 559.72 (7) by willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family

18. Defendants acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

19.    As a result of the above violations of the State of Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiffs for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

VII.
THIRD CLAIM FOR RELIEF

20.    Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692 (emphasis added).

22.    Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

23.    Defendants intentionally caused harm to Plaintiffs emotional well-being by repeatedly or continuously contacting the Plaintiffs daily in the course of collecting this debt thereby invading and intruding upon their right to privacy.

24.    The Defendants undertook a series of communications to the Plaintiff's home constituting an invasion of privacy. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiffs right to privacy; after repeated requests that the Defendants no longer contact them. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying a debt.

25.    Said invasions were intentional, willful, and malicious, and violated the Plaintiffs privacy. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort and violated the Plaintiffs privacy.

4

26.   Plaintiffs have a reasonable expectation of privacy in Plaintiffs solitude, seclusion, and or private concerns or affairs.

27.   These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

30.   As a result of such invasions of privacy, Defendants have caused the Plaintiffs to suffer embarrassment and humiliation.

VIII.
FOURTH CLAIM FOR RELIEF

31.   Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.   Defendant ARM, knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

33.   Defendant ARM knew or should have known that said conduct was improper.

34.   Defendant ARM negligently and wantonly failed to train and supervise the collectors in order to prevent said improper conduct.

35.   As a result of Defendant ARM negligence and wantonness, the Plaintiffs suffered suffer embarrassment and humiliation.


WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendants conduct violated the FDCPA, and declaratory and injunctive relief for the Defendant's violations of the State of Florida Consumer Collection Practices Act;

B.   Actual damages;

C.   Statutory damages pursuant to 15 U.S.C. § 1692k;

D.   Statutory damages pursuant to (§559.77 Fla. Stat);

E.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and (§559.77 Fla. Stat);

F.   For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

Respectfully submitted this ___ day of July 2008.

_____
MARIO J. CABRERA, ESQUIRE
Florida Bar # 0001163
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
DiCesare, Davidson, & Barker, P.A.
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-mail mcabrera@ddblaw.com;
           rbarker@ddblaw.com
Attorney for Plaintiffs

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA) ss.
COUNTY OF POLK )

     Plaintiffs, Sidney Glynn and Sharon Glynn, having first been duly sworn and upon oath, depose and say as follows:

    1.   I am a Plaintiff in this civil proceeding.

    2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

    3.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

    4.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

    5.   I have filed this civil Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

    6.   Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Sidney Glynn

Sharon Glynn

Sworn to or affirmed and signed before me on July 15 2008, by Sidney Glynn and Sharon Glynn.

NOTARY PUBLIC—STATE OF FLORIDA

Notary Public State of Florida
Mario J Cabrera
My Commission DD752441
Expires 01/27/2012

[Print, type, or stamp commissioned name of notary.]

✓    Personally known
_____    Produced identification
Type of identification produced

7